UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| BRENDA W.,<br><br>Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>Defendant. | Case No. 25-11697<br><br>Magistrate Judge Elizabeth A. Stafford |

**OPINION AND ORDER ON CROSS-MOTIONS FOR SUMMARY JUDGMENT (ECF NOS. 8, 10)**

## I. Introduction

Plaintiff Brenda W. appeals an unfavorable decision of Defendant Commissioner of Social Security (Commissioner) ruling on her application for disability insurance benefits (DIB) under the Social Security Act (SSA). Both parties consented to the undersigned conducting all proceedings under 28 U.S.C. § 636(c) and move for summary judgment. ECF No. 5; ECF No. 8; ECF No. 10.

After a hearing below, an administrative law judge (ALJ) found:

1. Plaintiff met the insured status requirements of the Social Security Act on September 30, 2024, and did not engage in substantial gainful

activity during the period from her alleged onset date of March 10, 2023, through her date last insured of September 30, 2024. ECF No. 4-1, PageID.32.

2. Through the date last insured, plaintiff had the following severe impairments: osteoarthritis in the hips and lumbar spondylosis. *Id*., PageID.33.

3. None of plaintiff's impairments, either alone or in combination, met or medically equaled the severity of a listed impairment. *Id*., PageID.34.

4. Through the date last insured, plaintiff had the residual functional capacity (RFC) to perform light work except lift or carry 10 pounds frequently and 20 pounds occasionally; stand or walk for 6 hours in an 8-hour workday; sit for 6 hours in an 8-hour workday; push or pull within the aforementioned weight restrictions; and occasionally climb, balance, stoop, kneel, crouch, or crawl. *Id.*, PageID.35.

5. Consistent with her RFC, plaintiff was capable of performing past relevant work as an elementary school teacher. *Id.*, PageID.37.

6. Plaintiff was therefore not disabled under the SSA. *Id.*, PageID.38.

## II. Analysis

### A.

Under § 405(g), this Court's review is limited to determining whether the Commissioner's decision is supported by substantial evidence[1] and conformed with proper legal standards. *Gentry v. Comm'r of Soc. Sec.*, 741 F.3d 708, 722 (6th Cir. 2014).

Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains

[1] Only the evidence in the record below may be considered when determining whether the ALJ's decision is supported by substantial evidence. *Bass v. McMahon*, 499 F.3d 506, 513 (6th Cir. 2007).

> sufficient evidence to support the agency's factual determinations. And whatever the meaning of substantial in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence, this Court has said, is more than a mere scintilla. It means—and means only—such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.

*Biestek v. Berryhill*, 587 U.S. 97, 102-03 (2019) (cleaned up). The substantial-evidence standard does not permit the Court to independently weigh the evidence. *Hatmaker v. Comm'r of Soc. Sec.*, 965 F. Supp. 2d 917, 930 (E.D. Tenn. 2013) ("The Court may not reweigh the evidence and substitute its own judgment for that of the Commissioner merely because substantial evidence exists in the record to support a different conclusion."); *see also Cutlip v. Sec'y of Health & Hum. Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) ("If the Secretary's decision is supported by substantial evidence, it must be affirmed even if the reviewing court would decide the matter differently, and even if substantial evidence also supports the opposite conclusion.").

Plaintiff challenges the ALJ's determination that she was not disabled, arguing that the ALJ failed to properly consider the opinion evidence in her case. ECF No. 8, PageID.865-875.

The Court disagrees and affirms the ALJ's decision.

**B.**

Plaintiff claims that the ALJ failed to properly consider the opinion of consultative examiner R. Scott Lazzara, M.D., in reaching plaintiff's RFC determination. *Id.*, PageID.866-871. She maintains that greater restrictions were warranted, consistent with Dr. Lazzara's opinion. *Id.*

Dr. Lazzara determined that plaintiff had mild difficulty with heel-to-toe walking, could stand for four hours out of an eight-hour workday, occasionally bend and squat, stoop and climb stairs with assistance, carry less than 10 pounds, and pull and push less than 15 pounds. ECF No. 4-1, PageID.539-540. In finding Dr. Lazzara's opinion unpersuasive, the ALJ explained:

> The undersigned does not find Dr. Lazzara's assessment was persuasive because the restrictions were unsupported by the medical evidence relied upon, including [plaintiff's] presentation with stable gait, full motor strength, and negative radicular symptoms during the clinical exam. The limitations were also excessive and inconsistent with the medical evidence, such as [plaintiff's] reports of only mild back pain during her August 2024 treatment.

*Id.*, PageID.36-37 (referencing *Id.*, PageID.539-545). Plaintiff contends that this conclusion is "problematic" because the ALJ "failed to properly consider the important factors of supportability and consistency" in reaching his determination. ECF No. 8, PageID.867. The Court disagrees.

An ALJ must explain the persuasiveness of all opinions from both treating and non-treating sources by considering several factors. 20 C.F.R. § 404.1520c(b)(2). "But the regulations only require ALJs to discuss the first two—supportability and consistency." *Hardy v. Comm'r of Soc. Sec.*, 554 F. Supp. 3d 900, 905 (E.D. Mich. 2021). Because the ALJ "is charged with the responsibility" of determining the RFC, he need not base his RFC findings on a medical-source opinion. *See Mokbel-Aljahmi v. Comm'r of Soc. Sec.*, 732 F. App'x 395, 401 (6th Cir. 2018) (cleaned up). Instead, the ALJ must consider the record as whole in rendering their RFC assessment. *Hurst v. Sec'y of Health & Human Servs.*, 753 F.2d 517, 519 (6th Cir. 1985); *see* SSR 96-8p, 1996 WL 374184, at * 7 (July 2, 1996).

Even so, an ALJ's decision must "provide an accurate and logical bridge between the evidence" and the RFC. *Gross v. Comm'r of Soc. Sec.*, 247 F. Supp. 3d 824, 829 (E.D. Mich. 2017) (cleaned up); *see also Tucker v. Comm'r of Soc. Sec.*, 775 F. App'x 220, 226 (6th Cir. 2019) ("No bright-line rule exists in our circuit directing that medical opinions must be building blocks of the [RFC] finding, but the [ALJ] must make a connection between the evidence relied on and the conclusion reached."). That is, the "ALJ must articulate, at some minimum level, his analysis of the evidence to allow the appellate court to trace the path of his reasoning" to permit

meaningful review. *Cortes v. Comm'r of Soc. Sec.*, No. 18-13347, 2020 WL 2812761, at *10 (E.D. Mich. May 29, 2020) (cleaned up).

The ALJ has done so here. Plaintiff argues that the ALJ's supportability analysis was flawed because the ALJ relied on "some of the benign examination findings (i.e., stable gait, full motor strength, and negative radicular symptoms)" while omitting findings that she finds more probative. ECF No. 8, PageID.867. But the ALJ's description of Dr. Lazzara's findings closely tracks the doctor's conclusions. ECF No. 4-1, PageID.36, 545. And the ALJ had no duty to detail all of Dr. Lazzara's examination findings. *Simons v. Barnhart*, 114 F. App'x 727, 733 (6th Cir. 2004) ("[A]n ALJ is not required to discuss all the evidence submitted, and an ALJ's failure to cite to specific evidence does not indicate that it was not considered."). The Court declines plaintiff's invitation to reweigh the evidence described in Dr. Lazzara's opinion. *Hatmaker v. Comm'r of Soc. Sec.*, 965 F. Supp. 2d 917, 930 (E.D. Tenn. 2013).

Plaintiff next argues that the ALJ's consistency analysis was flawed because the ALJ only cited one examination to support his conclusion that Dr. Lazzara's opinion was "excessive and inconsistent with the medical evidence." ECF No. 8, PageID.869. But that argument misreads the ALJ's decision. The ALJ concluded that Dr. Lazzara's opinion was "excessive

and inconsistent with the medical evidence, *such as* [plaintiff's] reports of only mild back pain during her August 2024 treatment." ECF No. 4-1, PageID.37 (emphasis added). The ALJ used the nonrestrictive prepositional phrase "such as" to explain that plaintiff's assertions of mild back pain during her August 2024 treatment was just one instance in the record that conflicted with Dr. Lazzara's opinion.

And the ALJ did discuss the record as a whole. He explained that plaintiff had been treated at "the VA Medical Center for complaints of chronic hip and back pain," but that her pain "was treated conservatively with medication and physical therapy." *Id.*, PageID.36. The ALJ then provided a lengthy description of plaintiff's treatment and activities since reporting pain in her hip and back:

> Throughout treatment at the VA Medical Center, the [plaintiff] presented with full motor strength, intact sensation, and negative extremity edema. During an April 2023 treatment, the [plaintiff] reported she was able to travel to Texas and care for an ill friend. In June 2023, the [plaintiff] reported she was doing yoga with her daughter and was planning on starting to go to the gym. In October 2023, the [plaintiff] reported she was able to currently take care of her elderly mother. In December 2023, the [plaintiff] reported she was able to go on a cruise and have a good time. She reported her low back and hips did okay but she did not get off the ship or walk too much. She reported her pain was rated a 4 out of 10 in severity. During an April 2024 treatment, the [plaintiff reported] she was now caring for a 4-month-old infant and was not receiving help from other members. In May 2024, the [plaintiff] reported she would be traveling to Kentucky in August 2024. She reported she was

> caring for her great niece's newborn for the past 6 months. She reported she was finishing up school to become an assistant principal and it required 6 hours per day at a deck. She reported her back was sore after moving furniture with her family. She reported she received myofascial techniques to improve tissue tension with notable improvement. During an August 2024 treatment, the claimant reported she had a rough week with traveling, but her low back pain was only currently a 3 out of 10 in severity.

*Id.* (citing *Id.*, PageID.570, 594-597, 603, 609, 648, 659, 786, 796).

Substantial evidence in the record supports the ALJ's treatment of Dr. Lazzara's opinion and RFC analysis. Plaintiff's arguments thus fail to show reversible error even if the evidence she cites could support her claim of disability. *Hatmaker*, 965 F. Supp. 2d at 930 ("The Court may not reweigh the evidence and substitute its own judgment for that of the Commissioner merely because substantial evidence exists in the record to support a different conclusion."); *see also Cutlip*, 25 F.3d at 286 ("If the Secretary's decision is supported by substantial evidence, it must be affirmed even if the reviewing court would decide the matter differently, and even if substantial evidence also supports the opposite conclusion.").

**C.**

Plaintiff also argues that the ALJ's RFC determination is unsupported because he rejected the opinions of the state agency medical consultants and Dr. Lazzara. ECF No. 8, PageID.871-872. She relies on *Deskin v.*

*Comm'r of Soc. Sec.*, which states that when "the medical evidence shows relatively little physical impairment, an ALJ permissibly can render a commonsense judgment about functional capacity even without a physician's assessment." 605 F. Supp. 2d 908, 912 (N.D. Ohio 2008) (quoting *Manso–Pizarro v. Sec'y of Health & Hum. Servs.*, 76 F.3d 15, 17 (1st Cir. 1996) (quotation marks omitted). Plaintiff also cites unpublished district court opinions suggesting that an ALJ may make an independent RFC determination only when the plaintiff has minimal physical impairments. ECF No. 8, PageID.871-872. She contends that her physical impairments were too significant for the ALJ to render an RFC without relying on a medical opinion. *Id*.

But plaintiff's argument that the ALJ lacked discretion to make an independent RFC finding fails under the prevailing view of courts within the Sixth Circuit. For example, in *Shepard v. Comm'r of Soc. Sec*, the Sixth Circuit rejected the view that an ALJ had to rely on a physician's opinion in rendering an RFC:

> Shepard also argues that the ALJ's RFC lacks substantial evidence because no physician opined that Shepard was capable of light work. But the *ALJ* is charged with the responsibility of determining the RFC based on *her* evaluation of the medical and non-medical evidence. An RFC is an 'administrative finding,' and the final responsibility for determining an individual's RFC is reserved to the

Commissioner.

705 F. App'x 435, 442 (6th Cir. 2017) (emphasis in original) (cleaned up); *see also Smith v. Comm'r of Soc. Sec.*, 715 F. Supp. 3d 994, 1001 (E.D. Mich. 2024) (noting that under 20 C.F.R. § 404.1546(c), "the ALJ—not the medical consultant—is responsible for assessing a claimant's residual functional capacity.") (cleaned up); *Ripley v. Comm'r of Soc. Sec.,* 415 F. Supp. 3d 752, 764 (N.D. Ohio 2019) "A claimant's RFC is not a medical opinion, but an administrative determination reserved to the Commissioner.").

Aside from her meritless assertion that the ALJ had no discretion to render an RFC finding without a supporting medical opinion, plaintiff repeats her argument that the ALJ should have credited Dr. Lazzara's opinion. *See* ECF No. 8, PageID.871-874. For the reasons above, the Court finds no reversible error in the ALJ's evaluation of that opinion.

## III. Conclusion

The Court **DENIES** plaintiff's motion for summary judgment (ECF No. 8), **GRANTS** the Commissioner's motion for summary judgment (ECF No. 10), and **AFFIRMS** the ALJ's decision under sentence four of 42 U.S.C. § 405(g).

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: September 15, 2026

**CERTIFICATE OF SERVICE**

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to their email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on September 15, 2026.

s/Caitlin Shrum
CAITLIN SHRUM
Case Manager